**WO**                                                                                           JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Antonio Mesta-Soto,            ) | No. CV 05-3332-PHX-SMM (MEA) |
|                                     ) | |
|         Plaintiff,                  ) | **ORDER** |
| vs.                                 ) | |
|                                     ) | |
| Solomon O. Kanu,                    ) | |
|                                     ) | |
|         Defendant.                  ) | |
|                                     ) | |

Plaintiff, currently confined in the Fourth Avenue Jail in Phoenix, Arizona, has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. The Court will dismiss the action.

**A.**     **Application to Proceed In Forma Pauperis & Filing Fee.**

Plaintiff has filed a new Application to Proceed *In Forma Pauperis* (Dkt. # 4). Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. An initial partial filing fee of $17.16 will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of Court. Thereafter, Plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release.

**B.     Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the Complaint "lacks merit entirely." Id. at 1129. A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected. Id. at 1130. Plaintiff's Complaint will be dismissed *without* leave to amend because the defects cannot be corrected.

**C.     Complaint.**

Plaintiff's action concerns his former defense attorney, Solomon O. Kanu. Plaintiff alleges that Kanu was retained by Plaintiff's mother for the purpose of representing Plaintiff in his criminal manner. Plaintiff contends that Kanu initially agreed to take the case for $6,500.00, but later threatened to withdraw if he was not paid an additional $5,500.000. Despite Ms. Soto's payments to Kanu, Plaintiff alleges that Kanu did nothing on behalf of his defense. Plaintiff states that there was no communication with Kanu, and that the attorney refused to provide Plaintiff with any of the materials Plaintiff requested. Kanu subsequently moved to withdraw as counsel. For relief, Plaintiff requests that Kanu be suspended from the practice of law for three years, he be ordered to reimburse Ms. Soto $12,000.00, and that he pay restitution to Plaintiff in the amount of $5,000.00.

**D.     Failure to State a Claim.**

A prerequisite for any relief under 42 U.S.C. § 1983 is a showing that the defendant

- 2 -

has acted under the color of state law. Whether an attorney representing a criminal defendant is a public defender, court-appointed counsel, or private counsel, he or she does not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 317-18 (1981). Therefore, Plaintiff's civil rights claim against Defendant Kanu must fail unless Plaintiff can set out facts showing a conspiracy between his counsel and state officials to deny him the right to adequate representation under the Sixth Amendment.

However, to the extent he might be able to do so, Plaintiff's claim would be barred by Heck v. Humphrey, 512 U.S. 477, 486 (1994), because violation of the Sixth Amendment right to counsel in a criminal proceeding would necessarily imply the invalidity of Plaintiff's conviction. Accordingly, the allegation will be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED that:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. # 4) is granted pursuant to 28 U.S.C. § 1915(a)(1).

(2) Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $17.16. All fees shall be collected and paid in accordance with this Court's Order to the appropriate government agency filed concurrently herewith.

(3) The Complaint and this action are dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and the Clerk of Court shall enter judgment accordingly.

(4) The Clerk of Court shall make an entry on the docket in this matter indicating that the dismissal for failure to state a claim falls within the purview of 28 U.S.C. § 1915(g).

DATED this 10th day of April, 2006.

_____
Stephen M. McNamee
Chief United States District Judge